IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01745-MSK-MJW

DEBRA GATES, et al.,

Plaintiffs,

v.

OFFICER ARON ARMSTRONG, et al.,

Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENAS
(DOCKET NO. 75)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion for Protective Order to Quash Subpoenas (docket no. 75). The court has reviewed the subject motion (docket no. 75), the response (docket no. 81), and the reply (docket no. 84). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants request that this court enter an order granting the subject motion (docket no. 75) and quash subpoenas *duces tecum* issued to Defendants' retained experts, Drs. Tom Neuman, Vincent Di Maio, and Theodore Chan, with notices of depositions. *See* exhibit A attached to subject motion (docket no. 75). These

subpoenas *duces tecum* request bills and/or invoices generated by these three (3) retained experts during the past two (2) years for time spent "in any litigation related activity, including, but not limited to, preparation of reports, testimony, consultation with attorneys, case review, and any other litigation related activity."

Rule 26 of the Federal Rules of Civil Procedure governs what matters are discoverable in a civil case filed in the federal district court, and it limits such discovery to matters that are relevant to a claim or defense of any party, or reasonably calculated to lead to the discovery of such relevant evidence. *See* Fed. R. Civ. P. 26(b). Moreover, Fed. R. Civ. P. 26(a)(2)(B) outlines the requirements for expert witness disclosure, and it does not include a requirement for disclosure of bills and/or invoices generated by expert witnesses and their staff, on any litigation matter, during the preceding two (2) years.

Plaintiffs argue that the subject subpoenas *duces tecum* are not "attempts to degrade the discovery process." Plaintiffs further argue that the subpoenas are "attempting to do nothing more than reveal the financial interest behind the supposedly scholarly research and publication of the defense experts Neuman, Chan, and Di Maio." *See* paragraph 22 in Plaintiffs' response (docket no. 81).

Here, the court finds that the case of In Re Air Crash Disaster at Stapleton Int'l Airport, 720 F. Supp. 1442 (D. Colo. 1988), is directly on point. In the Air Crash case, the defendant served a subpoena *duces tecum* on plaintiff's expert, seeking among other things "all trial and deposition transcripts of the expert prepared in other cases in which the witness testified as an expert." Id. at 1443. The defendants intended to use

this material for impeachment. Id. The court found that the "broad demand for materials and deposition testimony relating in any way to the experts' aeronautical experience is beyond the appropriate scope" of the expert disclosure rule. Id. at 1444.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion for Protective Order to Quash Subpoenas (docket no. 75) is **GRANTED**; and,

2. That each party pay their own attorney fees and costs for this motion.

Done this 23rd day of January 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE